UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JESSICA NAGEL** | : | CASE NO: |
| c/o Minnillo Law Group Co., LPA | | |
| 2712 Observatory Avenue | : | |
| Cincinnati, Ohio 45208 | | Judge: |
| | : | |
| **Plaintiff,** | | |
| | : | |
| vs. | | |
| | : | |
| **MAKETEWAH COUNTRY CLUB COMPANY** | | **COMPLAINT** |
| | : | |
| c/o David Bolek | | **(With Jury Demand)** |
| 6200 South Gilmore Road | | |
| Fairfield, OH 45014 | : | |
| | : | |
| and | | |
| | : | |
| **JOHN G. EARLS,** Individually, | | |
| 10503 Morningside Trace | : | |
| Cincinnati, Ohio 45241 | | |
| | : | |
| **Defendants.** | | |

Plaintiff Jessica Nagel, by and through her undersigned counsel, hereby files her Complaint against defendants Maketewah Country Club Company ("Maketewah") and John G. Earls, individually.

**PRELIMINARY STATEMENT**

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e-2(a)(1) and Ohio Revised Code Chapter 4112, for defendant Maketewah's wrongful termination of plaintiff based on sex, sexual harassment and retaliation. Plaintiff also seeks redress for defendant John Earl's defamatory statements. Plaintiff seeks compensatory damages, recovery for economic losses, punitive damages, declaratory and injunctive relief and reasonable

attorney fees and costs in this matter.

## I. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Counts I, II and III arise under the laws of the United States, Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e *et seq*.

3. This Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367, because plaintiff's state law claims are so related to her federal claims over which the Court has jurisdiction that they form part of the same case or controversy.

4. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because the acts complained of all occurred within this judicial district.

## II. PROCEDURAL HISTORY AND REQUIREMENTS

5. On December 30, 2020, plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") under its work sharing agreement with the Ohio Civil Rights Commission. See Exhibit A, attached.

6. On May 7, 2021, the EEOC issued a Notice of Right to Sue as to plaintiff's EEOC charge. See Exhibit B, attached.

7. This Complaint is being filed within 90 days of receipt of the Notice of Right to Sue.

## III. PARTIES

8. Plaintiff Jessica Nagel is an adult female citizen of the United States and resides in the Commonwealth of Kentucky.

9. Defendant Maketewah Country Club Company is a non-profit Ohio corporation doing business in Cincinnati, Ohio, in Hamilton County, Ohio.

10. Defendant John G. Earls is an adult male citizen of the United States and upon information and belief resides in Cincinnati, Ohio, in Hamilton County, Ohio. At all relevant times, Mr. Earls was President of Maketewah's Board of Directors.

### IV. STATEMENT OF FACTS

11. Plaintiff was hired by defendant Maketewah in March 2018.

12. During plaintiff's employment with Maketewah, she was the membership and marketing director, with the primary responsibility of attracting and retaining new members.

13. At all relevant times, plaintiff met or exceeded Maketewah's legitimate performance expectations and received raises. Plaintiff's contribution was so significant that Maketewah had a membership wait list for the first time since 1995.

14. During her employment with Maketewah, plaintiff was one of only two female department directors.

15. Maketewah treated plaintiff less favorably than similarly situated male department directors.

16. As part of her on boarding and hiring, plaintiff was never offered the opportunity to eat in Maketewah's dining room. Male department directors were offered the opportunity and took advantage of that term and condition of employment. Plaintiff was required to eat her meals in the kitchen.

17. While Maketewah paid for the entire health insurance premiums of similarly situated male department heads, or reimbursed them for the cost of the premiums each month, plaintiff was not offered that benefit but was required to pay at least 50% of her health insurance premium.

18. Maketewah paid plaintiff less than similarly situated male department directors,

despite the fact that plaintiff's department had the highest net positive revenue.

19. Maketewah gave similarly situated male department directors their own offices, while it assigned plaintiff to work in the reception area.

20. In or about March 2020, plaintiff asked General Manager Mark Bechtel how to make a formal workplace complaint to Maketewah's Human Resources Department about Dave Bahr, the Head Golf Professional, for slandering her to a coworker.  Mr. Bechtel told plaintiff that there was no formal complaint form or a Human Resources Department.  When plaintiff voiced her concern that she would not be protected from Mr. Bahr unless she could file a complaint, Mr. Bechtel shrugged his shoulders.

21. In the months after plaintiff attempted to file a complaint against Mr. Bahr, plaintiff's work in membership development was repeatedly undermined by Mr. Bahr.  When Mr. Bahr disagreed with a membership initiative plaintiff was attempting to get approved by the Board of Directors, he undermined plaintiff's efforts by emailing, calling, or talking to Board Members in order to get the proposals voted down.

22. Upon information and belief, similarly situated male department heads were neither undermined in their jobs nor targeted by Mr. Bahr.

23. In the months after plaintiff attempted to file a complaint against Mr. Bahr, plaintiff repeatedly asked Mr. Bechtel to intervene.  Mr. Bechtel repeatedly told plaintiff that if he tried to manage Mr. Bahr or the Golf Course Superintendent, he would be fired.  Mr. Bechtel stated that he wished he could intervene, but that he had uprooted his wife and children to move for his job and couldn't risk losing his job.

24. During plaintiff's employment with Maketewah, she experienced ongoing sexual harassment by Maketewah's Controller, Gary Frederick, a friend of Past Board President /

current Board Member.

25. For example, Mr. Frederick regularly made objectively inappropriate comments about plaintiff's appearance, style of dress and choice of makeup.

26. Additionally, Mr. Frederick frequently invited male employees into his office to look out the window at members of the Xavier University Women's Golf Team and made comments regarding their appearance in a certain skirt or a particular physical trait he found appealing. Plaintiff found this behavior objectively offensive and opposed such behavior.

27. In or about March 20, 2020, plaintiff reported Mr. Frederick's sexual harassment to Mr. Bechtel and sought to file a complaint. Mr. Bechtel brushed her off and branded her a troublemaker, stating "oh, so now you are going after Gary." Mr. Bechtel never addressed plaintiff's sexual harassment complaints nor remedied the situation.

28. On or about July 29, 2020, Maketewah unlawfully terminated plaintiff.

29. Plaintiff was terminated because of her sex, female, and in retaliation for her protected activity, including but not limited to, complaints against Mr. Bahr and Mr. Frederick and opposing certain unlawful conduct.

30. On or about August 3 and 4, 2020, defendant John Earls, President of Maketewah's Board of Directors, sent an email to Maketewah's approximately 800 members, entitled "LETTER FROM THE PRESIDENT." A copy of the email is attached as Exhibit C.

31. Mr. Earls wrote in his email that plaintiff had "absconded with your email addresses improperly." This statement is false.

32. Mr. Earls' email further stated that plaintiff "used those emails to disregard proper termination protocols and contact you all directly to solicit a zoom call." This statement is false.

33. Plaintiff has suffered direct financial losses resulting from Mr. Earls' false

5

statements which impaired plaintiff's reputation, including but not limited to loss of potential replacement employment.

34. Prior to Mr. Earls' false and defamatory letter, plaintiff had been in contact with a local CEO about potential job opportunities. Following Mr. Earls' letter, the CEO terminated communication with plaintiff.

35. Upon information and belief, Mr. Earls' false letter was the proximate cause for the CEO terminating communication with plaintiff.

36. Plaintiff also had positive working relationships with the greater country club community, the economic sector in which she has earned a living for decades. Mr. Earls' false statements caused specific harm in these tight knit circles, harming plaintiff's future employment opportunities.

37. Mr. Earls' false and defamatory statements impaired plaintiff's otherwise stellar reputation.

38. Mr. Earls' false and defamatory statements caused a loss of employment opportunities having economic and pecuniary value.

39. Mr. Earls' false and defamatory statements cased actual economic and pecuniary harm to plaintiff.

V.     STATEMENT OF CLAIMS

COUNT I

**Sex Discrimination – Title VII, 42 U.S.C. § 2000e** *et seq.*<br>**(Defendant Maketewah)**

40. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

41. Plaintiff's sex is female.

42. Plaintiff was fully qualified and met her employer's legitimate expectations for her position at all relevant times.

43. Maketewah's acts in discriminating against plaintiff based on her sex include, but are not limited to, treating her differently than similarly situated male department directors as to the terms and conditions of her employment, and terminating her because of her sex.

44. Maketewah's actions were willful, wanton, malicious, and/or in reckless disregard of plaintiff's rights.

45. Maketewah has caused plaintiff embarrassment and emotional distress.

46. As a direct and proximate result of Maketewah's unlawful discriminatory conduct, plaintiff has been injured and is entitled to judgment against Maketewah under 42 U.S.C. § 2000e *et seq.* for all damages caused by its conduct.

## COUNT II
### Sexual Harassment – Title VII, 42 U.S.C. § 2000e et seq.
### (Defendant Maketewah)

47. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

48. Plaintiff was subjected to unwelcome communication and conduct based on her sex, including but not limited to objectively inappropriate comments made by Controller Gary Frederick about her appearance, style of dress and choice of makeup, and Mr. Frederick's frequent practice of inviting male employees to his office to watch the Xavier University Women's Golf Team and making comments about their appearance.

49. Plaintiff complained to Maketewah's General Manager about the sexual harassment perpetrated by Maketewah's Controller. Maketewah failed to take any corrective action.

7

50. Maketewah's conduct and communication was intended to or did substantially interfere with plaintiff's employment or created an intimidating, hostile or offensive work environment in violation of 42 U.S.C. § 2000e et seq.

51. Maketewah's actions were willful, wanton, malicious, and/or in reckless disregard of plaintiff's rights.

52. Maketewah has caused plaintiff embarrassment and emotional distress.

53. As a direct and proximate result of Maketewah's unlawful discriminatory conduct, plaintiff has been injured and is entitled to judgment against Maketewah under 42 U.S.C. § 2000e *et seq.* for all damages caused by its conduct.

## COUNT III
### Retaliation – Title VII, 42 U.S.C. § 2000e *et seq.*
### (Defendant Maketewah)

54. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

55. Plaintiff was fully qualified, and met her employer's legitimate expectations, for her position at all relevant times.

56. Plaintiff complained to Maketewah's General Manager about the sexual harassment perpetrated by Maketewah's Controller.

57. Maketewah terminated plaintiff after she complained about the sexual harassment.

58. Maketewah's actions were willful, wanton, malicious, and/or in reckless disregard of plaintiff's rights.

59. Maketewah has caused plaintiff embarrassment and emotional distress.

60. As a direct and proximate result of Maketewah's unlawful discriminatory conduct, plaintiff has been injured and is entitled to judgment against Maketewah under 42

U.S.C. § 2000e et seq. for all damages caused by its conduct.

## COUNT IV
### Sex Discrimination – Ohio Revised Code Chapter 4112
### (Defendant Maketewah)

61. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

62. Plaintiff's sex is female.

63. Plaintiff was fully qualified and met her employer's legitimate expectations for her position at all relevant times.

64. Maketewah's acts in discriminating against plaintiff based on her sex include, but are not limited to, treating her differently than similarly situated male department directors as to the terms and conditions of her employment, and terminating her because of her sex.

65. Maketewah's actions were willful, wanton, malicious, and/or in reckless disregard of plaintiff's rights.

66. Maketewah has caused plaintiff embarrassment and emotional distress.

67. As a direct and proximate result of Maketewah's unlawful discriminatory conduct, plaintiff has been injured and is entitled to judgment against Maketewah under R.C. 4112 for all damages caused by its conduct.

## COUNT V
### Sexual Harassment – Ohio Revised Code Chapter 4112
### (Defendant Maketewah)

68. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

69. Plaintiff was subjected to unwelcome communication and conduct based on her sex, including but not limited to objectively inappropriate comments made by Controller Gary

Frederick about her appearance, style of dress and choice of makeup, and Mr. Frederick's frequent practice of inviting male employees to his office to watch the Xavier University Women's Golf Team and making comments about their appearance.

70. Plaintiff complained to Maketewah's General Manager about the sexual harassment perpetrated by Maketewah's Controller. Maketewah failed to take any corrective action.

71. Maketewah's conduct and communication was intended to or did substantially interfere with plaintiff's employment or created an intimidating, hostile or offensive work environment in violation of R.C. 4112.

72. Maketewah's actions were willful, wanton, malicious, and/or in reckless disregard of plaintiff's rights.

73. Maketewah has caused plaintiff embarrassment and emotional distress.

74. As a direct and proximate result of Maketewah's unlawful discriminatory conduct, plaintiff has been injured and is entitled to judgment against Maketewah under R.C. 4112 for all damages caused by its conduct.

## COUNT VI
### Retaliation – Ohio Revised Code Chapter 4112
### (Defendant Maketewah)

75. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

76. Plaintiff was fully qualified, and met her employer's legitimate expectations, for her position at all relevant times.

77. Plaintiff complained to Maketewah's General Manager about the sexual harassment perpetrated by Maketewah's Controller.

10

78. Maketewah terminated plaintiff after she complained about the sexual harassment.

79. Maketewah's actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

80. Maketewah has caused plaintiff embarrassment and emotional distress.

81. As a direct and proximate result of Maketewah's unlawful discriminatory conduct, plaintiff has been injured and is entitled to judgment against Maketewah under R.C. 4112 for all damages caused by its conduct.

## COUNT VII
### Defamation Per Quod
### (Defendant Earls)

82. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

83. Earls' email statement to Maketewah's Members that plaintiff "absconded with your email addresses improperly" was false.

84. Earls' email statement to Maketewah's members that plaintiff "used those emails to disregard proper termination protocols and contact you all directly to solicit a zoom call" was false.

85. Earls published his emails statements to third parties and had no privilege to do so.

86. Earls failed to act reasonably in attempting to discover the truth or falsity of the statements he made in his emails.

87. Earls' false statements proximately caused special harm to plaintiff, including but not limited to loss of employment and professional opportunities having economic or pecuniary value.

88. Earls' false statements also proximately caused special harm to plaintiff, including the loss of consulting and business opportunities to plaintiff in her given trade; which represent a harm having economic or pecuniary value.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendants as follows:

A. Enjoining defendants from further unlawful conduct as described in this Complaint;

B. Reinstating plaintiff to her employment;

C. Awarding plaintiff all back pay, front pay, and benefits;

D. Awarding plaintiff compensatory damages;

E. Awarding plaintiff punitive damages;

F. Awarding plaintiff pre-judgment interest;

G. Awarding plaintiff reasonable attorneys' fees; and

H. Awarding plaintiff all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

*/s/ Robb S. Stokar*
Robb S. Stokar (0091330)
Minnillo Law Group Co., LPA
2712 Observatory Avenue
Cincinnati, OH 45208
Tel: (513) 723-1600
Fax: (513) 723-1620
rss@mlg-lpa.com
*Trial counsel for plaintiff Jessica Nagel*

**Jury Demand**

Plaintiff hereby demands that all issues of fact in the foregoing Complaint be tried to a jury.

*/s/ Robb S. Stokar*
Robb S. Stokar (0091330)